THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BOYD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 2, 1977 (the date in the appellant's brief is September 15, 1977), convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. On this appeal, defendant argues that the trial court committed reversible error when it sealed the courtroom during the testimony of an undercover police officer. We disagree. In the case at bar, the codefendant's counsel raised this very issue before the trial court. Defendant's counsel was offered the opportunity to either join in the objection or to protest on his own, but chose not to do so. Defendant's counsel was specifically asked by the trial court whether he wished to say anything in this respect and he responded negatively. It has long been held that the failure to object to the sealing of the courtroom constitutes a waiver of that objection and a bar to raising the issue on appeal *(People v Miller*, 257 NY

54, 60-61). In this regard, the case at bar is distinguishable from *People v Boyd* (59 AD2d 558), where this court reversed a drug sale conviction of defendant's brother due to the trial court's sealing of the courtroom during the testimony of the undercover officer therein. In direct contrast to the case at bar, defense counsel in *People v Boyd (supra)* vigorously objected to the sealing of the courtroom and argued at great length his client's right to a public trial. We have examined defendant's remaining points and find them to be without merit. Hopkins, J. P., Damiani, Titone and Suozzi, JJ., concur.