■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BETHEA, Appellant. CHARLES BETHEA, Appellant, v GEORGE R. MORROW, JR., County Clerk of the County of Westchester, et al., Respondents.—Consolidated appeals from (1) a judgment of the County Court, Westchester County, rendered September 21, 1977, convicting appellant of three counts of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence, and (2) a judgment of the Supreme Court, Westchester County, dated March 6, 1979, which, in an article 78 proceeding, denied appellant's application to correct his sentence. Judgment rendered September 21, 1977 modified, on the law, by reversing the convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. Judgment dated March 6, 1979 affirmed, without costs or disbursements. On the evening of August 26, 1976 undercover officer Bruno and an informant were driving on South Street in Peekskill when Bruno observed the appellant hitchhiking. Bruno had been previously acquainted with the appellant. Bruno stopped his vehicle and appellant entered it. Appellant informed Bruno that he was going to Main Street to "cop some dope" or, stated otherwise, to purchase heroin. Bruno said that he was also looking to "cop", to which appellant replied that as he was going to "cop" for himself, he could "cop" for Bruno as well. Bruno requested "two dimes" and handed $20 to appellant. Thereupon Bruno drove appellant to the corner of Main and Hadden Streets. Five minutes later appellant returned and handed Bruno two tinfoil packets. Subsequently, on October 4, 1976, Bruno, accompanied by Investigator Mark Rosato, again met the appellant. Upon seeing appellant Bruno exited his car and asked appellant how he was doing. He then asked appellant if he knew where he, Bruno, could "cop" some heroin. Appellant responded that he did not have any on him, but that he would see if he could get some for Bruno. Appellant questioned Bruno and Rosato as to what they wanted and they each replied that they wanted "two dimes". Each of them handed the appellant $20. Appellant walked over to a nearby vehicle and shortly thereafter returned and handed Bruno and Rosato two tinfoil packets each. Appellant contends that this evidence shows that he acted solely as an agent of the police and that the guilty verdict on the counts of the indictment which charge him with sale and possession with intent to sell

cannot stand. We agree. It has long been held in this State that one who acts solely as the agent of a buyer cannot be convicted of the crime of selling narcotics *(People v Lam Lek Chong,* 45 NY2d 64, 73, cert den 439 US 935) or possession with intent to sell (see *People v Sierra,* 45 NY2d 56). To be an agent of a buyer, a narcotics merchant must be a mere extension of the buyer *(People v Argibay,* 45 NY2d 45, 53, cert den *sub nom. Hahn-Di Guiseppe v New York,* 439 US 930). In determining whether a defendant is an agent of a buyer, the following factors must be considered: "(1) did the defendant act as a mere extension of the buyer throughout the relationship, with no independent desire to promote the transaction; (2) was the purchase suggested by the buyer; (3) did the defendant have any previous acquaintance with the seller; (4) did the defendant exhibit any salesmanlike behavior; (5) did the defendant use his own funds; (6) did the defendant procure from many sources for a single buyer; (7) did the buyer pay the seller directly; (8) did the defendant stand to profit; and (9) was any reward promised in advance" *(People v Gonzales,* 66 AD2d 828). In considering these factors here, the conclusion that appellant acted solely as an agent of the police becomes inescapable. Appellant exhibited no independent desire to promote the drug transactions on either August 26, 1976 or October 4, 1976. On both occasions Bruno rather than appellant suggested the purchase. The extent of appellant's previous acquaintance, if any, with his sources of supply was not established. Appellant exhibited no salesmanlike behavior. He used the police officers' funds and on both occasions appears to have procured the drugs from a single source. There is no evidence at all that the appellant profited from the transactions or that he was promised a reward for effecting the purchases. While Bruno and Rosato did not pay the seller directly, that by itself certainly does not defeat the agency defense. Accordingly, we find that the defense of agency was not negated and that the counts of the indictment charging sale or possession with intent to sell must be dismissed. We have examined appellant's other contentions and find them to be without merit. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.