■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE SCOTT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered March 28, 1985, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The crux of this case rests on whether the People proved beyond a reasonable doubt that the defendant was actually selling a controlled substance and not acting solely as an agent of the buyer which would make him no more liable than the purchaser *(see, People v Roche,* 45 NY2d 78, *cert denied* 439 US 958).

The defendant was arrested after an undercover officer asked him for cocaine and he either stated that he was "holding" the drugs or "could get" them. The defendant took

money from the undercover officer, entered a grocery store and returned with a package of a substance that contained cocaine. The defendant claimed he was only helping the undercover officer and made no profit for himself from the transaction. When arrested, none of the marked money given to the defendant by the undercover officer nor any controlled substances were found in the defendant's possession.

The underlying theory of an agency defense is that the "one who acts as procuring agent for the buyer alone is a principal or conspirator in the purchase rather than the sale of the contraband" *(People v Roche, supra,* at 82). However, he cannot be furthering his own interests by serving both buyer and seller *(see, People v Argibay,* 45 NY2d 45, *rearg denied* 45 NY2d 839, *cert denied sub nom. Hahn-DiGiuseppe v New York,* 439 US 930).

The determination "as to whether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case * * * basically the jury must rely on its own common sense and experience to determine whether, under the circumstances, the defendant was in fact accommodating a friend or was simply a streetwise peddler attempting to avoid the penalties for sale" *(People v Lam Lek Chong,* 45 NY2d 64, 74-75, *cert denied* 439 US 935).

At bar, the agency defense rested on the credibility of the defendant's testimony that he made no profit from the sale and did not know the seller in the grocery store. Since the court acted as the trier of fact in this nonjury trial, and found the defendant guilty, it can be assumed that the defendant's testimony was not believed, and when issues hinge on matters of credibility the determination of the trier of fact is to be accorded great weight *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Garafolo,* 44 AD2d 86, 88).

When determining whether guilt was established as a matter of law, all inferences must be viewed in a light most favorable to the People *(see, People v Giuliano,* 65 NY2d 766), and as such, we find the evidence was legally sufficient to support the defendant's conviction. Moreover, upon the exercise of our factual review power we are satisfied that the defendant's guilt was proven beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also contends that he was deprived of his right to a public trial for less than compelling reasons *(see,*

*People v Jones,* 47 NY2d 409, *cert denied* 444 US 946), when the Trial Judge cleared the courtroom allegedly without satisfactory explanation in the record. He claims this warrants an automatic reversal. We decline to reach the merits of this issue since it was not properly preserved for appellate review *(see,* CPL 470.05; *People v Boyd,* 64 AD2d 668; *People v Racine,* 132 AD2d 899), and it has long been held that a defendant may waive his right to a public trial if exception is not taken within a reasonable time *(see, People v Miller,* 257 NY 54). Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.