■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS VARGAS, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered June 28, 1982, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to disprove his agency defense beyond a reasonable doubt and that reversal of his conviction is, therefore, required. We disagree.

In determining whether a defendant is an agent of the buyer, the following factors are to be considered: "(1) did the defendant act as a mere extension of the buyer throughout the relationship, with no independent desire to promote the transaction; (2) was the purchase suggested by the buyer; (3) did the defendant have any previous acquaintance with the seller; (4) did the defendant exhibit any salesmanlike behavior; (5) did the defendant use his own funds; (6) did the defendant procure from many sources for a single buyer; (7) did the buyer pay the seller directly; (8) did the defendant stand to profit; and (9) was any reward promised in advance" *(People v Gonzales,* 66 AD2d 828; *see, People v Bethea,* 73 AD2d 920, 921).

Based upon the foregoing factors and viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we conclude that the proof presented was legally sufficient to support the jury's determination that the defendant was not acting as a mere extension or agent of the buyer. The record reveals that the defendant independently promoted the transaction, which involved the sale of heroin to an undercover police officer, and that he had profited from the transaction, as evidenced by the fact that he was found to be in possession of proceeds of the sale at the time of his arrest. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.