■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered September 18, 1987, convicting him of criminal sale of a controlled substance in the third degree, loitering in the first degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant maintains that his conviction for criminal sale of a controlled substance in the third degree should be reversed because the People failed to disprove his agency defense beyond a reasonable doubt. We disagree.

As this court recently stated in *People v Vargas* (135 AD2d 853, 854): "In determining whether a defendant is an agent of the buyer, the following factors are to be considered: '(1) did the defendant act as a mere extension of the buyer throughout the relationship, with no independent desire to promote the transaction; (2) was the purchase suggested by the buyer; (3) did the defendant have any previous acquaintance with the seller; (4) did the defendant exhibit any salesmanlike behavior; (5) did the defendant use his own funds; (6) did the defendant procure from many sources for a single buyer; (7) did the buyer pay the seller directly; (8) did the defendant stand to profit; and (9) was any reward promised in advance' *(People v Gonzales,* 66 AD2d 828; *see, People v. Bethea,* 73 AD2d 920, 921)". Based on the foregoing factors and viewing

the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we conclude that the proof presented was legally sufficient to support the jury's determination that the defendant was not acting as a mere extension or agent of the buyer. The record reveals that the defendant exhibited salesmanlike behavior and an independent desire to promote the transaction and that he profited from the transaction as well. Moreover, in the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's contentions, his sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's challenge to the imposition of a mandatory surcharge is premature *(see, People v West,* 124 Misc 2d 622; *People v Lewis,* 134 AD2d 286; *People v Bethea,* 133 AD2d 836).

We have examined the defendant's remaining contentions and find them to be without merit. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.