◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered July 17, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to disprove beyond a reasonable doubt that he was acting solely as an agent of an undercover officer. As noted by the Court of Appeals in *People v Argibay* (45 NY2d 45, 53-54, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930): "To be an agent of his buyer, a narcotics merchant must be a mere extension of the buyer. He may act to procure what the buyer wants because the buyer has asked him to do so, but not out of any independent desire or inclination to promote the transaction". A number of factors are to be considered in resolving this agency issue, namely: "(1) did the defendant act as a mere extension of the buyer throughout the relationship, with no independent desire to promote the transaction; (2) was the purchase suggested by the buyer; (3) did the defendant have any previous acquaintance with the seller; (4) did the defendant exhibit any salesmanlike behavior; (5) did the defendant use his own funds; (6) did the defendant procure from many sources for a single buyer; (7) did the buyer pay the seller directly; (8) did the defendant stand to profit; and (9) was any reward promised in advance" *(People v Gonzales,* 66 AD2d 828; *see, People v Vargas,* 135 AD2d 853, 854; *People v Bethea,* 73 AD2d 920, 921).

Having considered these factors, and viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we

are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant was not acting as the agent or mere extension of the buyer *(see, People v Lam Lek Chong,* 45 NY2d 64, 73, *cert denied* 439 US 935). The record amply supports the conclusion that the defendant was acting out of an independent desire to promote the transaction, "furthering his own interests by serving both buyer and seller" *(People v Scott,* 134 AD2d 379, 380; *see, People v Davis,* 149 AD2d 609). Although the undercover officer initiated contact with the defendant, and asked, "Any coke out?", the jury could reasonably conclude from the short ensuing exchange, to wit, the defendant's response, "Yeah, what are you looking for?", to which the officer replied, "Two dimes", and the defendant said, "No, only twenties", that the defendant was not acting as a person accommodating a friend but, rather, was a streetwise peddler unknown to the officer *(see, People v Scott, supra).* In addition, the testimony indicates that after the defendant's initial attempt to locate a particular individual failed, the officer said he would leave, but the defendant said, "No, I know some other people". Thus, even if the purchase was originally suggested by the officer, the defendant displayed an independent interest, and salesmanlike behavior, in seeing it to fruition beyond an apparent dead end. The evidence concerning the defendant's making general conversation with the officer could reasonably be viewed by the jury as part of his desire, as a narcotics trader, to protect himself and the sellers known to him from entering into transactions with undercover officers. Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.