■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY CRUZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered September 6, 1988, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the People failed to disprove beyond a reasonable doubt that he was acting as an agent of the undercover officers. In determining whether a defendant is a seller or merely acting as a procuring agent for the buyer, the following factors must be considered: "(1) did the defen-

dant act as a mere extension of the buyer throughout the relationship, with no independent desire to promote the transaction; (2) was the purchase suggested by the buyer; (3) did the defendant have any previous acquaintance with the seller; (4) did the defendant exhibit any salesmanlike behavior; (5) did the defendant use his own funds; (6) did the defendant procure from many sources for a single buyer; (7) did the buyer pay the seller directly; (8) did the defendant stand to profit; and (9) was any reward promised in advance" *(People v Gonzales,* 66 AD2d 828; *see, People v Torres,* 150 AD2d 816; *People v Vargas,* 135 AD2d 853; *People v Bethea,* 73 AD2d 920).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Although the undercover agents initiated the transaction, the defendant exhibited salesmanlike behavior in his handling of all three transactions, and demonstrated that he was acting out of an independent desire to promote the transaction, and not as a mere extension of the buyers throughout the relationship. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.