■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE OVERTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered March 7, 1988, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree and criminally possessing a hypodermic instrument, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove beyond a reasonable doubt that the defendant was acting as an agent of the undercover officer in the narcotics transaction is not preserved for appellate review (see, People v Bynum, 70 NY2d 858). In any event, it is clear from the

evidence that the defendant was not acting as the agent or mere extension of the buyer *(see, People v Lam Lek Chong,* 45 NY2d 64, 73, *cert denied* 439 US 935). Rather, the defendant was acting out of an independent desire to promote the transaction, "furthering his own interests by serving both buyer and seller" *(People v Scott,* 134 AD2d 379, 380). Although the undercover officer initiated contact with the defendant, and asked, "who was working", the jury could reasonably conclude from the defendant's response, "what are you looking for?", that he was a "streetwise peddler" ready to enter into a drug sale *(see, People v Scott, supra,* at 380). Additionally, the defendant's intent to profit was evidenced by his statement "I could get it for you but it will cost you five". That the defendant was able to complete the drug transaction within several minutes indicated that he was familiar with the methods used and was, at the very least, a middleman if not an independent seller *(see, People v Argibay,* 45 NY2d 45, 53-54, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930). In addition, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.