THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. FOSKIT, Appellant. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant was convicted, after a jury trial, of criminal sale of a controlled substance in the second degree, two counts of criminal sale of a controlled substance in the third degree, and three counts of criminal possession of a controlled substance in the third degree in connection with his sale of cocaine to an undercover police officer on three separate occasions.

Defendant's claim that he was deprived of effective assistance of counsel lacks merit. Upon our review of the record, we conclude that the evidence, the law and the circumstances of this case, viewed together and as of the time of representation, reveal that defendant's attorney provided meaningful representation (see, People v Satterfield, 66 NY2d 796, 798-799; People v Baldi, 54 NY2d 137, 146-147).

Defendant failed to preserve for our review his claim that he was deprived of a fair trial by prosecutorial misconduct during summation because he did not object to the alleged improper remarks (see, CPL 470.05 [2]). We decline to review this issue in the interest of justice (cf., People v Montalvo, 125 AD2d 338).

We reject defendant's contention that the People failed to disprove beyond a reasonable doubt that he was acting solely as an agent of the purchaser (see, People v Argibay, 45 NY2d 45, 53-54, cert denied sub nom. Hahn-DiGuiseppe v New York, 439 US 930; People v Torres, 150 AD2d 816, lv denied 74 NY2d 820; People v Scott, 134 AD2d 379, 380, lv denied 70 NY2d 937). Whether defendant was a seller of narcotics or merely a purchaser assisting a friend presented a factual issue for the jury to resolve under the circumstances of this case (see, People v Scott, supra, at 380). Defendant's agency defense rested on the credibility of defendant's testimony that he made no profit from the transactions and that he was only doing a favor for an undercover police officer who purchased

the cocaine. Because the jury found defendant guilty, it can reasonably be assumed that defendant's testimony was not credited and "credibility is a matter to be determined by the trier of the facts" *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932). Moreover, in our view, the evidence, viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), was legally sufficient to establish defendant's guilt beyond a reasonable doubt.

The trial court erred in ordering that the sentences for the three counts of criminal possession of a controlled substance in the third degree should run consecutive to the sentences for second and third degree criminal sale of a controlled substance because the possession counts arose out of the same criminal acts as the sale counts. Thus, we make those sentences run concurrently. We decline to exercise our discretion to dismiss the concurrent noninclusory possession counts *(see,* CPL 300.40 [3] [a]).

We have reviewed defendant's remaining contentions and find them to be either unpreserved for our review or, where preserved, lacking in merit. (Appeal from judgment of Cattaraugus County Court, Dillon, J.—criminal sale of controlled substance, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.