◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD O'CONNOR, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered January 20, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the People failed to disprove beyond a reasonable doubt that he was acting as an agent of an undercover officer. Whether a particular defendant has acted only as an agent for the buyer is primarily a factual question for the jury, which may consider such factors as " 'the nature and extent of the relationship between the defendant and the buyer, whether it was the buyer or the defendant who suggested the purchase, whether the defendant has had other drug dealings with this or other buyers or sellers and, of course whether the defendant profited, or stood to profit, from the transaction' " (People v Ortiz, 76 NY2d 446, 449, quoting People v Lam Lek Chong, 45 NY2d 64, 75, cert denied 439 US 935).

Here, it was uncontested at trial that neither the defendant nor the undercover police officer knew each other before the transaction. The defendant, seemingly familiar with the drug trade, gave the officer heroin and took her money in return. Enough evidence was adduced at trial for a jury to determine beyond a reasonable doubt that the defendant was simply a streetwise peddler of drugs attempting to avoid the penalties for sale (see, People v Cruz, 161 AD2d 659; People v Contes, 60 NY2d 620). Although there were some minor inconsistencies in the testimony of the principal prosecution witnesses, it is well settled that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have reviewed the defendant's remaining arguments, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.