■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

GUY FLANDERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered January 4, 1989, convicting him of criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the People failed to disprove his agency defense beyond a reasonable doubt. Having considered the pertinent factors (see, People v Torres, 150 AD2d 816; People v Gonzales, 66 AD2d 828), and viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

A review of the record supports the conclusion that the defendant was not acting as a mere extension or agent of the buyer (see, People v Lam Lek Chong, 45 NY2d 64, 75, cert denied 439 US 935). The evidence adduced at trial established that the defendant had an ongoing relationship with the supplier, who was his only source for the drugs sold. Additionally, the defendant exhibited salesmanlike behavior by assuring the undercover officers that the supplier would "make good" for any dissatisfaction with the weight or quality of the drugs, and by offering the officers a discount price if they bought before a certain date. We also take note of the commercial quantities of the drugs involved in these transactions (see, People v Lam Lek Chong, supra, at 76). Additionally, we find that the People adduced legally sufficient evidence as to the weight of the cocaine to satisfy the minimum statutory requirement on the charge of criminal sale of a controlled substance in the second degree.

Finally, we decline to disturb the sentence (see, People v Suitte, 90 AD2d 80). Sullivan, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.