■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MURRIEL, JR., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered October 25, 1988, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

It is well settled that "one who acts solely as the agent of a purchaser of narcotics cannot be convicted of the crime of criminal sale of a controlled substance" *(People v Roche,* 45 NY2d 78, 81, *cert denied* 439 US 958). Whether a defendant

acted as an agent of the buyer or as a seller in a drug transaction is "a factual question for the jury to resolve on the circumstances of the particular case" *(People v Lam Lek Chang,* 45 NY2d 64, 74, *cert denied* 439 US 935). If, viewing the evidence in the light most favorable to the defendant, " 'some evidence, however slight * * * support[s] the inference that the supposed agent was acting, in effect, as an extension of the buyer' " upon a timely request the court should instruct the jury on the agency defense *(People v Ortiz,* 76 NY2d 446, 448; *People v Argibay,* 45 NY2d 45, 55).

In the instant case, the defendant testified that he merely arranged two "buy and bust" transactions as an accommodation to a friend, Rubin Pabon. Pabon testified that he was acting as an agent/informant of the two undercover police officers who were the ultimate purchasers of the six vials of crack-cocaine procured through the defendant's efforts. The officers acknowledged that Pabon had worked for them in the past, although they denied that Pabon was involved in the instant transaction, which, they asserted was between themselves and the defendant alone. In any event, notwithstanding the contrary evidence adduced by the prosecution, we find that in a light most favorable to the defendant, a reasonable view of the evidence supported a theory that the defendant was acting as an agent of the buyers *(see, People v Feldman,* 50 NY2d 500). Accordingly the court should have granted the defendant's timely request for an agency charge.

In light of our determination of the foregoing, we need not reach the defendant's remaining contentions. Mangano, P. J., Kunzeman, Miller and Copertino, JJ., concur.