■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CARDWELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered August 7, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the People failed to disprove his agency defense beyond a reasonable doubt. It is well settled that "[w]hether a defendant acted as an agent of the buyer or as a seller in a drug transaction is 'a factual question for the jury to resolve on the circumstances of the

particular case' " *(People v Murriel,* 176 AD2d 764, 764-765, quoting *People v Lam Lek Chong,* 45 NY2d 64, 74, *cert denied* 439 US 935). A review of the record discloses that the defendant's proffered agency defense rested solely upon his own implausible trial testimony, which was contradicted by testimony offered by the People's witnesses *(see, People v Foskit,* 168 AD2d 961; *People v Scott,* 134 AD2d 379, 380).

Although the defendant now argues that the court erred in declining to credit his account of the transaction and his claimed status as a mere agent, it is well settled that the resolution of issues of credibility, as well as the weight to be accorded the evidence presented are questions for the trier of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88; *see also, People v Foskit, supra).* Here, the evidence adduced at trial more than amply supported the court's assessment of credibility and its conclusion that the defendant acted as a seller rather than as the undercover officer's agent *(People v Scott,* 134 AD2d 379, *supra).* Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.