■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM BRADLEY, Appellant. [604 NYS2d 602] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered November 25, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the People failed to disprove his agency defense beyond a reasonable doubt (see, People v Bynum, 70 NY2d 858; People v Overton, 168 AD2d 575). In any event, the contention is without merit.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to disprove the agency defense and to establish the defendant's guilt beyond a reasonable doubt. The testimony adduced by the prosecution indicated, inter alia, that the defendant directed the undercover police officer to a teenager who was selling crack cocaine and to whom the defendant referred as his nephew. There was additional testimony suggesting that the defendant actively promoted and participated in the drug sale on behalf of the seller, a conclusion which the defendant attempted to refute during his own testimony. Under these circumstances, an issue of fact existed with respect to the agency defense, and there was sufficient evidence from which the jury could validly conclude that the defendant did not merely act as the agent of the buyer (see, People v Lam Lek Chong, 45 NY2d 64, cert denied 439 US 935; People v Overton, supra). Moreover, upon the exercise of our factual review power, we are satisfied that the jury's verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Furthermore, to the extent that the defendant has preserved for appellate review his claim that the prosecutor made unfairly prejudicial remarks during his summation, we find the contention unpersuasive. While some of the prosecutor's comments would have been better left unsaid, they do not warrant reversal.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.