■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENOID LEYBOVICH, Appellant. [607 NYS2d 982] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered April 10, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's contention that the People failed to disprove beyond a reasonable doubt that he was acting as an agent of the undercover officer in the narcotics transaction is not preserved for appellate review (see, People v Bynum, 70 NY2d 858; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although the undercover officer initiated contact with the defendant and asked if he had cocaine, the jury could reasonably conclude from the defendant's response that he "could get it", that the defendant was a "streetwise peddler" ready to enter into a drug sale (see, People v Overton, 168 AD2d 575; People v Scott, 134 AD2d 379). In addition, the fact that the defendant was able to complete the drug transaction within several minutes indicated that he was familiar with

the methods used and was, at the very least, a middleman if not an independent seller *(see, People v Overton, supra; see also, People v Argibay,* 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the closure of the courtroom during the undercover officer's testimony was proper. During a *Hinton* hearing *(see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911), the officer testified that he was still operating in an undercover capacity in Queens County and still worked in the area of the defendant's arrest. The officer testified that he had a number of cases pending and had seen subjects from his investigations on Queens Boulevard. Under these circumstances, we find that the factual showing was sufficient to support closure of the courtroom *(see, People v Martinez,* 82 NY2d 436).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.