■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANITA CLARK, Appellant. [628 NYS2d 293] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Leis, J.), rendered February 11, 1993, convicting her of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that there was legally sufficient proof from which the jury could reasonably conclude that the defendant acted as a seller of the narcotics rather than as an agent of the undercover officer. Although the undercover officer admittedly initiated contact with the defendant by making a finger signal, the defendant's prompt understanding of the signal, combined with her statements, "just one?" and "are you a cop?", could reasonably lead the jury to conclude that the defendant was not acting as a person accommodating the undercover officer who was a complete stranger but, rather, as a streetwise drug peddler *(see, People v Davis,* 149 AD2d 609; *People v Scott,* 134 AD2d 379).

Additionally, the defendant's prior familiarity with the actual seller, her codefendant Brian Clinton, was established by testimony that after the sale, Clinton told the defendant, "I'll be here later", to which the defendant responded, "okay". Thus, the People disproved the agency defense beyond a reasonable doubt *(see, People v Herring,* 83 NY2d 780; *People v Leybovich,* 201 AD2d 670; *People v Scott,* 134 AD2d 379, *supra).*

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Thompson and Hart, JJ., concur.