■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ALVAREZ, Appellant. [652 NYS2d 619] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered September 14, 1995, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the People failed to disprove the agency defense beyond a reasonable doubt *(see, People v Bynum,* 70 NY2d 858, 859; *People v Bradley,* 199 AD2d 327). In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's agency defense beyond a reasonable doubt.

In determining whether a defendant is a seller or merely acting as a procuring agent for the buyer, the following factors must be considered: "(1) did the defendant act as a mere extension of the buyer throughout the relationship, with no independent desire to promote the transaction; (2) was the purchase suggested by the buyer; (3) did the defendant have any previous acquaintance with the seller; (4) did the defendant exhibit any salesman like behavior; (5) did the defendant use his own funds; (6) did the defendant procure from many sources for a single buyer; (7) did the buyer pay the seller directly; (8) did the defendant stand to profit; and (9) was any reward promised in advance" *(People v Gonzales,* 66 AD2d 828; *People v Cruz,* 161 AD2d 659, 660; *see, People v Torres,* 150 AD2d 816; *People v Vargas,* 135 AD2d 853, 854). The determination as to whether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the trier of fact to resolve based on the circumstances of the particular case

*(see, People v Lam Lek Chong,* 45 NY2d 64, 74, *cert denied* 439 US 935).

The testimony at trial established that the defendant initiated contact with the undercover officer, who was a stranger; exhibited salesman-like behavior in vouching for the quality of the drugs; transacted the drug purchase within minutes and paid the seller directly; admittedly expected to receive consideration from the undercover officer for the transaction; and was previously acquainted with the seller. From the foregoing facts adduced at trial, the trier of fact could reasonably conclude that the defendant was not acting merely as an agent of the undercover officer but, rather, as a steerer or a middleman *(see, e.g., People v Leybovich,* 201 AD2d 670; *People v Overton,* 168 AD2d 575, 576; *People v Davis,* 149 AD2d 609, 610; *see also, People v Herring,* 83 NY2d 780, 782-783).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., O'Brien, Florio and Luciano, JJ., concur.