■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID TROTTY, Appellant. [689 NYS2d 646] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered July 3, 1997, convicting him of criminal

sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove his agency defense beyond a reasonable doubt is without merit. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to permit the trier of fact to conclude that the defendant acted as a seller of the controlled substance rather than as an agent of the undercover officer (*see, People v Herring,* 83 NY2d 780; *People v Clark,* 215 AD2d 682; *People v Leybovich,* 201 AD2d 670). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Alvarez,* 235 AD2d 484). Friedmann, J. P., Krausman,. McGinity and Feuerstein, JJ., concur.