■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED JONES, Appellant. [733 NYS2d 614] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Perone, J.), rendered April 1, 1999, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK JONES, Appellant. [732 NYS2d 874] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered October 4, 2000, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, after nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt and to disprove the defendant's claim that he was acting as an agent of the undercover officer in the narcotics transaction (*see, People v Herring,* 83 NY2d 780; *People v Lam Lek Chong,* 45 NY2d 64, *cert denied* 439 US 935; *People v Shands,* 269 AD2d 613; *People v Trotty,* 262 AD2d 337; *People v Leybovich,* 201 AD2d 670). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Friedmann, Schmidt and Townes, JJ., concur.