■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO MARTINEZ, Appellant. [734 NYS2d 474] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered December 15, 1998, convicting him of criminal sale of a controlled substance in the first degree (two counts) and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of criminal sale of a controlled substance in the third degree is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt as to that charge beyond a reasonable doubt. The evidence adduced at trial established that the defendant's behavior "purposefully affected or furthered the sale of the controlled substance," and that he was not merely acting as an agent of the buyer (*People v Bello,* 92 NY2d 523, 526; *see, People v Page,* 260 AD2d 153).

The testimony of the confidential informant that the defendant was his boss in a drug operation before the commission of the crimes charged in the indictment was properly admitted to establish his credibility (*see, People v Green,* 35 NY2d 437). Furthermore, the Supreme Court properly instructed the jury, both at the conclusion of the confidential informant's testimony and in its charge, regarding the limited role to be assigned to the testimony (*see, People v Syshawn,* 200 AD2d 778).

Contrary to the defendant's contention, the Supreme Court's determination to close the courtroom was proper, in light of the concern for the safety of the testifying undercover officer (*see, People v Ayala,* 90 NY2d 490, *cert denied* 522 US 1002).

The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not

indicate that the defendant was penalized for asserting his right to proceed to trial (*see, People v Durkin,* 132 AD2d 668; *People v Bellilli,* 270 AD2d 355).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Santucci, J. P., Krausman, Luciano and Feuerstein, JJ., concur.