■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONELL JOHNSON, Appellant. [783 NYS2d 48]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Carroll, J.), rendered October 9, 2002, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after a so-called "buy and bust" operation in which he sold cocaine to an undercover police officer. At trial, the defendant testified that he was desperate for drugs, but had no money. Walking down the street, the defendant spotted on the corner "a white guy," whom the defendant thought either was looking to buy drugs or a police officer. The defendant decided to take a chance that he was not a police officer and help him procure drugs in hopes that he would invite the defendant to share in the drugs. Upon arrest, the defendant was found with $10 of prerecorded money, along with six zip lock bags of cocaine hidden in his socks. On these facts, the Supreme Court properly refused to instruct the jury on an agency defense. The jury could not have reasonably concluded that the defendant was acting "solely" as an agent or extension of the buyer (*People v Herring*, 83 NY2d 780, 782 [1994]; *People v Lam Lek Chong*, 45 NY2d 64, 73 [1978], *cert denied* 439 US 935 [1978]), or as a "mere instrumentality" of the buyer (*People v Roche*, 45 NY2d 78, 86 [1978], *cert denied* 439 US 958 [1978]; *People v Leggett*, 1 AD3d 380 [2003]). The defendant conceded that he approached the undercover officer with a drug-related intent and initiated the transaction with the expectation of receiving a benefit in the form of drugs (*see People v Alvarez*, 235 AD2d 484, 485 [1997]). Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.