■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RODRIGUEZ, Appellant. [873 NYS2d 119]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Braslow, J.), rendered May 19, 2006, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of criminal sale of a controlled substance in the third degree is unpreserved for appellate review (*see People v Hawkins,* 11 NY3d 484 [2008]; CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Martinez,* 289 AD2d 259 [2001]; *People v Torres,* 150 AD2d 816 [1989]). Contrary to the defendant's position, the People proved he was not acting as the agent or mere extension of the buyer (*see People v Roche,* 45 NY2d 78, 81 [1978], *cert denied* 439 US 958 [1978]; *People v Matos,* 123 AD2d 330, 331 [1986]). The evidence adduced at trial established that the defendant displayed an independent interest and his behavior "purposefully affected or furthered the sale of the controlled substance" (*People v Martinez,* 289 AD2d at 259 [internal quotation marks omitted]; *see People v Roche,* 45 NY2d at 81; *People v Torres,* 150 AD2d at 816).

Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict was not against the

weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.