■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARDLEE SILAS, Appellant.—

The defendant contends that his inculpatory statements made while he was in police custody should have been suppressed because he had been assigned counsel in connection with an unrelated petit larceny charge for which there was an outstanding bench warrant and he did not waive his right to counsel with his assigned counsel present. We disagree.

The police officers who interrogated the defendant testified that they had no knowledge of the pending unrelated charges and that when they asked the defendant he denied the existence of any outstanding charges. The hearing court credited the officers' testimony that they were unaware of the open matter and apparently discounted the defendant's contention that he asked the police about the prior arrest and resulting bench warrant. In reviewing a factual determination based largely upon an assessment of credibility, the determination of the trier of fact is ordinarily accorded great weight *(see, People v Lopez,* 95 AD2d 241, 252). At bar, the hearing court's factual determination was supported by the record and we decline to

overturn it (see, People v Bernacet, 108 AD2d 921, 922; People v Lopez, supra).

Upon the defendant's denial of any pending matters the police had no further duty to inquire of the defendant in that regard (see, People v Bertolo, 65 NY2d 111, 119; People v Servidio, 54 NY2d 951). In addition, the prior arrest occurred a year earlier in another precinct for a minor offense and the record established that the bench warrant for the defendant's failure to appear had not yet been entered into the police computer at the time of the defendant's arrest in this action. Thus, the imposition of constructive knowledge upon the police officers is unwarranted (see, People v Bertolo, supra).

At the suppression hearing, the defendant did not raise any issue concerning the delay in his arraignment. Accordingly, the People had no opportunity to counter the defendant's assertion. Therefore, this argument is not preserved for appellate review (see, CPL 470.05 [2]; People v Tutt, 38 NY2d 1011). In any event, any delay in arraignment is simply a factor to be considered in determining the voluntariness of a statement (People v Hopkins, 58 NY2d 1079, 1081; People v Holland, 48 NY2d 861, 863; People v Bernacet, 108 AD2d 921, 922, supra). In the present case, the defendant's confession occurred, after proper Miranda warnings, at most, 2¼ hours after he was brought to the precinct. Thus, it cannot reasonably be concluded that the delay in arraigning the defendant rendered the confession coercive.

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.