OPINION OF THE COURT
 

 Alexander, J.
 

 Defendant, convicted of criminal sale of a controlled substance in the third degree, assigns error to the trial court’s refusal to instruct the jury as to the agency defense. We conclude that such instruction was not warranted because no reasonable view of the evidence would support a finding that defendant, who directed a potential purchaser to a seller of narcotics, was acting as an agent of that purchaser.
 

 Defendant was arrested in the course of a "buy and bust” operation conducted on Morris Avenue in the Bronx on January 6, 1986. According to the trial testimony, Undercover Officer Jacqueline Cortes approached defendant’s codefendant Salvador Cedeno and asked for "coke”. Cedeno told her to "wait around” and entered an apartment building at 1921 Morris Avenue. While waiting, Officer Cortes struck up a conversation with a woman standing outside the building and learned the price of the cocaine. During this time, Cortes observed two or three people approach defendant, who was standing in front of the building a few feet away. Cortes testified that when individuals approached defendant, he would converse with them and point to the building; she could
 
 *448
 
 not, however, hear their conversations. Cortes and the woman from whom she had learned the price of the cocaine walked over to defendant and Cortes asked, in Spanish, for cocaine. According to Cortes, defendant said "go right in, go straight in” and pointed to the building. The other woman also asked for cocaine and was told to follow Cortes.
 

 Cortes went into the front hallway of the building where four to six other individuals were standing in line waiting to purchase cocaine from Cedeno. When it was her turn, Cortes purchased two vials of cocaine for $10 in prerecorded buy money. Cedeno gave the money to another man, who assisted in the sales and whom the police did not apprehend. After the purchase, Cortes left the building and radioed a description of Cedeno and defendant to her backup team. While waiting in front of the building for the backup to arrive, Cortes watched defendant direct an unspecified number of people into the building. Cedeno and defendant were subsequently arrested, but the prerecorded buy money was not recovered. A small amount of marihuana and cocaine was found on defendant.
 

 Defendant was tried on charges of possession and sale of controlled substances, but the possession counts were dismissed before the case was submitted to the jury. Supreme Court denied defendant’s request for an instruction on the agency defense and defendant was convicted, on a theory of accessorial liability, of criminal sale of a controlled substance in the third degree
 
 (see,
 
 Penal Law § 220.39 [1]; § 20.00). The Appellate Division affirmed the conviction, without opinion, and a Judge of this court granted leave to appeal. We now affirm.
 

 In reviewing defendant’s request for an instruction on the agency defense, the trial court was required to view the trial evidence in the light most favorable to the defendant and to give the instruction if "some evidence, however slight * * * supports] the inference that the supposed agent was acting, in effect, as an extension of the buyer.”
 
 (People v Argibay,
 
 45 NY2d 45, 55;
 
 see, People v Padgett,
 
 60 NY2d 142, 144;
 
 People v Roche,
 
 45 NY2d 78, 86,
 
 cert denied
 
 439 US 958;
 
 People v Watts,
 
 57 NY2d 299, 301.) Where, however, no reasonable view of the evidence supports a finding of the defense, the issue need not be submitted to the jury
 
 (People v Watts,
 
 57 NY2d, at 301,
 
 supra).
 

 As we have often noted, the theory of the agency defense is that one who acts solely as an agent for the buyer of narcotics
 
 *449
 
 cannot be convicted of the crime of selling those narcotics, notwithstanding that the act of transferring drugs to another falls within the statutory definition of "sell”
 
 (People v Lam Lek Chong,
 
 45 NY2d 64, 72,
 
 cert denied
 
 439 US 935;
 
 People v Argibay,
 
 45 NY2d, at 53-54,
 
 supra; People v Sierra,
 
 45 NY2d 56, 60;
 
 see,
 
 Penal Law § 220.00 [1]). This is because our penal statutes are directed primarily at the sellers rather than the buyers of narcotics and, in all but the largest sales, impose more severe penalties upon a seller of drugs than upon a buyer who possesses them
 
 (People v Lam Lek Chong,
 
 45 NY2d, at 72-83,
 
 supra; see generally,
 
 Penal Law art 220). The agency defense is consistent with the legislative scheme because it requires that one who acts solely as an agent for a buyer of narcotics should incur no greater criminal liability than that of the buyer
 
 (People v Lam Lek Chong,
 
 45 NY2d, at 73-74,
 
 supra).
 

 The. agency defense is not susceptible of meticulous definition
 
 (People v Roche,
 
 45 NY2d, at 87 [Breitel, Ch. J., Jones and Wachtler, JJ., concurring]) and whether a particular defendant has acted only as an agent for the buyer is a factual question for the jury, which may consider such factors as "the nature and extent of the relationship between the defendant and the buyer, whether it was the buyer or the defendant who suggested the purchase, whether the defendant has had other drug dealings with this or other buyers or sellers and, of course, whether the defendant profited, or stood to profit, from the transaction.”
 
 (People v Lam Lek Chong,
 
 45 NY2d, at 75.) Thus the question of whether a defendant was entitled to an instruction on the agency defense turns on whether, under all the circumstances, the defendant can be said to have acted solely on behalf of the buyer such as to be a mere extension or instrumentality of the buyer.
 

 Defendant argues that, viewed in the light most favorable to him, there is a reasonable view of the trial evidence to support the conclusion that he acted as an agent of the buyer by directing her to the seller of cocaine. He argues that he did not overtly peddle the cocaine or otherwise promote its sale, that there was no evidence that he profited from the transaction and that at best, the People’s proof established only that he was familiar with a drug establishment in the neighborhood and good naturedly provided a tip to the buyer.
 

 Even this generous view of the trial evidence, however, does not permit the inference that defendant acted on behalf of the
 

 
 *450
 
 buyer as the buyer’s agent. Defendant’s only contact with the buyer was his response to a single question as to where to purchase cocaine; defendant concedes that he had no relationship with the buyer prior to directing her to the seller and had, in fact, provided the same service to several other potential buyers. Defendant did not procure the drugs for the buyer nor arrange or participate in the sale. Therefore, the agency instruction was properly denied.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed.