■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE SELBY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered October 24, 1988, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People's failure to furnish timely notice of their intention to introduce his inculpatory statement at trial requires reversal of his conviction. We disagree. Although the People did not establish good cause for their failure to timely apprise the defendant that they intended to introduce his statement at trial *(see,* CPL 710.30 [2]; *People v O'Doherty,* 70 NY2d 479, 486; *People v St. Martine,* 160 AD2d 35; *People v Bernier,* 141 AD2d 750, 753, *affd* 73 NY2d 1006), the admission of the statement was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v O'Doherty, supra; People v Mole,* 147 AD2d 714; *People v Pinney,* 136 AD2d 573).

The record reveals that the complainant, a taxi cab driver, picked up the defendant and was instructed to proceed to a dead end street in Brooklyn. When the complainant asked the defendant for the fare, the defendant responded by requesting change of a $20 bill. As the driver removed a wad of bills from

his pocket in order to make change, the defendant placed a rope around the driver's neck and began to strangle him. Two police officers who had been surveilling the area observed the entire transaction as it unfolded and promptly arrested the defendant, recovering the rope. In light of the foregoing, the erroneous admission of the defendant's statement was harmless.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review or lacking in merit *(see, People v Bing,* 76 NY2d 331; *People v Wilson,* 56 NY2d 692, 694; *People v Silas,* 158 AD2d 561; *People v Rawlings,* 144 AD2d 500). Kunzeman, J. P., Kooper, Harwood and O'Brien, JJ., concur.