OPINION OF THE COURT
Hancock, Jr., J.
When a defendant charged with selling drugs to an undercover officer has purchased a portion of the drugs for his own use and the balance as agent for the officer, he may — notwithstanding his personal interest in a portion of the drugs as a purchaser — nevertheless be entitled to an agency defense as to the balance. Here, according to defendant’s testimony, one of *115 the drug sales for which he was convicted was a purchase for himself and for the undercover officer as an agent. The primary question presented in his appeal concerns the court’s instruction to the jury that to be entitled to an agency defense, a defendant must have acted solely as an agent for the purchaser, and in no other capacity. For reasons to be explained, we conclude that the court’s charge on agency was in error. There should, accordingly, be a reversal with regard to the sale and possession with intent to sell charges arising from each transaction.
I
Acting on a tip that drugs were being sold at the Lutheran Medical Center, the New York City police, on February 13, 1987, began an investigation of possible drug trafficking at the hospital. On February 20th, an unnamed undercover police officer, assigned to the investigation, met defendant. Defendant told the officer that he did not deal in drugs, but that he was able to obtain drugs from another person on a regular basis. Thereafter, two drug transactions between defendant and the undercover officer took place.
The evidence is conflicting as to the first transaction. According to the People, the officer asked defendant if he could obtain one-half gram of cocaine and defendant responded affirmatively, telling him to check back later that day. When defendant subsequently produced the cocaine, the undercover officer paid him with prerecorded "buy money”. At that time, defendant indicated that he could provide larger quantities of cocaine in the future.
According to defendant, however, he and the officer shared the initial half gram of cocaine. The officer, defendant testified, had told him earlier that day that he could not afford a full half gram, the minimum amount defendant’s supplier was willing to sell. The officer asked defendant to "go in” with him, with each contributing half the price. Defendant agreed. When defendant produced the cocaine, he and the undercover officer divided it and each snorted some.
On March 6th, defendant procured a second half gram of cocaine all of which was delivered to the undercover officer. One month later, defendant was arrested and subsequently indicted for criminal sale of a controlled substance in the third degree (Penal Law § 220.39), criminal possession with intent to sell in the third degree (Penal Law § 220.16 [1]) and *116 criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) with respect to each of the two drug transactions.
Defendant interposed an agency defense to the drug sale charges, asserting that he was merely acting as the undercover officer’s agent in the transactions and not as a seller of the cocaine. In its instructions to the jury on the agency defense, the court charged, inter alia:
"[0]ne who acts solely in the capacity of an agent of the buyer cannot be convicted pursuant to Penal Law sections 220.39 and 220.16 of the crime[s] of criminal sale of a controlled substance in the third degree, or criminal possession of a controlled substance in the third degree” (emphasis added);
and,
"If the proof establishes that the defendant was acting solely as an agent of the undercover police officer, and in no other capacity, then he acted as an agent of the buyer.
"If the proof establishes that the defendant acted on his own behalf in the capacity of a seller, or if he acted as an agent of the seller, or if he acted both on his own behalf and as an agent of the seller, then he is not an agent of the buyer” (emphasis added).
The court instructed further that to decide whether the People had proved beyond a reasonable doubt that the defendant was not acting solely as an agent of the buyer, the jury must consider all the circumstances:
"to determine whether the defendant was merely accommodating the buyer as a friendly matter, or whether he was, in fact, himself, interested in the sale” (emphasis added).
Defendant took an exception to the charge as unfairly suggesting that the agency defense is not available when, as was assertedly the case, defendant purchased part of the drugs for his own use and part for another person. His counsel requested that the court make clear to the jury "that when one acts for oneself and for another person * * * in making a purchase * * * [it] does not mean that * * * the agency defense cannot prevail”. He pointed out that the court’s *117 charge was confusing in that the jurors "might think that because [his client] had an interest in obtaining drugs for his own use, that somehow he could therefore not be an agent”. The trial court denied defendant’s request for a clarifying charge.
The jury returned guilty verdicts on all three counts for each transaction. The Appellate Division unanimously affirmed (see, People v Andujas, 168 AD2d 625). It held that the court had properly instructed the jury "that it could not accept [defendant’s] agency defense unless he acted 'solely’ as the agent of the buyer” (id., at 625), noting that the court had given the standard charge approved by the Committee on Criminal Jury Instructions (see, 3 CJI[NY] PL art 220, at 1750). The Appellate Division rejected the contention that the instruction indicated "that the defendant could not be an agent of the undercover officer if he received some benefit from the transaction” (id., at 625). We do not agree. With respect to the first transaction, we conclude that the agency defense instruction was erroneous.
II
It is now settled law in New York that " '[o]ne who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics’ ” (People v Lam Lek Chong, 45 NY2d 64, 73, quoting People v Branch, 13 AD2d 714; see, People v McLeod, 45 NY2d 95; People v Roche, 45 NY2d 78; People v Argibay, 45 NY2d 45). In essence, the agency defense is an interpretation of the statutory definition of the term "sell” (Penal Law § 220.00 [1]; see, People v Lam Lek Chong, supra, at 73). Under the statute, to "sell” means "to sell, exchange, give or dispose of to another, or to offer or agree to do the same” (Penal Law § 220.00 [1]). Although a literal reading of the statutory definition suggests that any transfer of drugs constitutes a sale, we have held that the Penal Law provisions proscribing drug sales are aimed at drug sellers, not those who purchase drugs or possess them illegally (see, People v Lam Lek Chong, supra, at 74; People v Argibay, supra, at 53-54). The agency defense recognizes that if a person is acting only in the interest of the buyer in obtaining drugs, he cannot at the same time be acting as or in the interest of the seller. In such case, he may be guilty of the crime of possessing but not of selling the drugs (see, People v Lam Lek Chong, supra, at 74; People v Argibay, supra, at 53- *118 54). The defense simply reflects the logical proposition that if a defendant is acting solely in a capacity which is inherently inconsistent with being a seller — i.e., acting as an agent for the buyer — he cannot be a seller. This same reasoning applies no less when a defendant instead of acting only to buy drugs for someone else acts only to buy them for himself, or when he acts both as a buyer in his own right and as agent to buy for another. Proof that a defendant is acting solely in one or the other or both of these capacities may, if believed, be proof that he is not a seller.
In the present case the court gave the standard charge dealing with the typical agency defense situation (3 CJI[NY] PL art 220, at 1750) — i.e., where the defendant is acting in one of two mutually exclusive roles, either as agent for the buyer or for the seller. The standard charge was appropriate for the second transaction on March 6th, where defendant was purchasing only for the undercover officer, but not for the earlier delivery on February 26th. It did not cover the third possibility presented by defendant’s testimony — that he was acting solely in his own right as purchaser of part of the drugs and that, if that were so, the jury could still find that he was acting as the undercover officer’s agent for the balance.
We do not accept the People’s argument, based on a piecemeal analysis of the charge, that the charge was adequate because it did not expressly instruct the jury to reject the defense if defendant purchased part of the drugs for himself. It is settled that in considering the adequacy of a jury charge, an appellate court should read it as a whole against the background of the evidence produced at the trial (see, People v Crumble, 286 NY 24, 26). When so read, we agree with defendant that the charge effectively ruled out the agency defense when a defendant acts in a dual capacity as purchaser for himself and agent for another purchaser.
Accordingly, the order should be modified by reversing the convictions and ordering a new trial with respect to counts 1, 2, 4, and 5 of the indictment and, as so modified, affirmed.*
*119 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order modified in accordance with the opinion herein and, as so modified, affirmed.

 Defendant concedes that the court’s erroneous instruction could not have affected the convictions for criminal possession (the third and sixth counts) and does not request that these convictions be reversed. Although the error did not apply to the March 6th transaction, the transactions of February 26th and March 6th are factually interrelated. We therefore reject the People’s contention that there should not be a retrial on the fourth and fifth counts (see, People v Kitching, 78 NY2d 532, 539).