◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER WEAVER, Appellant. [607 NYS2d 58] —Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered June 12, 1990, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the second degree, and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in admitting into evidence edited audiotapes of the cocaine sales to a confidential informant. However, the record reveals that the defendant was supplied with the original tapes one year prior to the trial but never raised objections until the tapes were played at trial. Therefore, he may not now be heard to complain that certain portions of the tapes were prejudicial. In any event, and contrary to the defendant's further contention, a proper foundation for admission of the tapes was established by the testimony of the informant that the tapes were fair and accurate representations of his conversations with the defendant (see, People v Ely, 68 NY2d 520; People v McGee, 49 NY2d 48). We find no indication in the record that the editing process rendered the tapes inaccurate (see, People v Ely, supra; People v McGee, supra). Nor was it an improvident exercise of discretion for the court to provide the jury with transcripts of the tapes as an aid (see, People v Lubow, 29

NY2d 58; *People v Robinson,* 158 AD2d 628; *People v Warner,* 126 AD2d 788; *People v Tapia,* 114 AD2d 983).

The defendant also seeks reversal of his conviction based on the People's failure to furnish timely notice of their intention to introduce certain inculpatory statements at trial *(see,* CPL 710.30). Preliminarily, we note that defense counsel's objection at the suppression hearing regarding the inadequacy of the prosecution's voluntary disclosure form was sufficient to preserve his present claim *(see, People v Newball,* 76 NY2d 587). However, even if, as the defendant argues, the voluntary disclosure form did not provide the "sum and substance" of the statements introduced at trial, any error in the admission of the statements was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v O'Doherty,* 70 NY2d 479; *People v Selby,* 171 AD2d 821).

Having failed to request an agency charge at trial, the defendant has not preserved for appellate review his claim that the court erred by not giving one. In any event, any request for an agency charge would have been properly denied since, even viewed in the light most favorable to the defendant, there was no reasonable view of the evidence to support a finding that the defendant was acting as an agent of the purchaser *(see, People v Ortiz,* 76 NY2d 446; *People v Roche,* 45 NY2d 78, *cert denied* 439 US 958; *People v Argibay,* 45 NY2d 45; *cf., People v Andujas,* 79 NY2d 113). The evidence showed that the defendant exhibited salesmanlike behavior by touting the quality of the cocaine as "high-powered" and negotiating its price *(see, People v Ranno,* 194 AD2d 342; *People v Davis,* 189 AD2d 774) and that he earned a profit on one sale *(see, People v Ortiz, supra; People v Ranno, supra; People v O'Berg,* 180 AD2d 764).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.