83 N.Y.2d 780 (1994)
632 N.E.2d 1272
610 N.Y.S.2d 949
The People of the State of New York, Appellant,
v.
Roland Herring, Respondent.
Court of Appeals of the State of New York.
Argued January 13, 1994.
Decided February 17, 1994.
Robert T. Johnson, District Attorney of Bronx County, Bronx (Darryll A. Buford and Daniel S. Ratner of counsel), for appellant.
Cathy R. Frank, of the New Jersey Bar, admitted pro hac vice, for respondent.
Judges SIMONS, BELLACOSA, SMITH and LEVINE concur; Judge CIPARICK dissents and votes to affirm in an opinion in which Chief Judge KAYE concurs; Judge TITONE taking no part.
*781 MEMORANDUM.
The order of the Appellate Division should be reversed, and the case remitted to it for consideration of the facts (CPL 470.25 [2] [d]; 470.40 [2] [b]) and for consideration of issues *782 raised but not considered on the appeal to that Court.[*]
An undercover police officer approached defendant, a stranger, on a Bronx street and asked whether defendant had drugs for sale. Defendant then led the officer to a nearby storefront, took money from him and went into the building, where he received four vials of cocaine from a codefendant. After giving the vials to the officer, defendant left the immediate vicinity. He was later arrested and tried on charges of criminal sale and criminal possession of a controlled substance (see, Penal Law § 220.39 [1]; § 220.16 [1]).
At the conclusion of the trial defendant requested the court to charge on agency. The court denied the request, concluding that the evidence failed to support an inference that defendant was working solely as an agent of the buyer (see, People v Argibay, 45 N.Y.2d 45, 55, cert denied sub nom. Hahn-DiGuiseppe v New York, 439 US 930). The Appellate Division reversed. It held that there was an issue of fact concerning agency because defendant was not soliciting customers and neither requested nor received anything for his participation in the transaction.
We conclude that the evidence was insufficient as a matter of law to require the charge. The entitlement to an agency charge depends entirely on the relationship between the buyer and the defendant. Unless some reasonable view of the evidence supports the theory that defendant was acting only on behalf of the buyer, the jury need not be instructed on the agency defense (see, People v Lam Lek Chong, 45 N.Y.2d 64, 73, cert denied 439 US 935; see also, People v Andujas, 79 N.Y.2d 113). The factors relied upon by the Appellate Division do not raise an inference of agency. A defendant may be guilty as a seller even if he does not receive any consideration for the transfer of drugs to the buyer (Penal Law § 220.00 [1]) and, as the dissent recognizes, solicitation or the lack of it is not dispositive. Similarly, evidence that defendant was acting as a middleman is not sufficient to warrant such a charge (People v Argibay, supra, at 53).
There was no reasonable view of the evidence presented at this trial that defendant agreed to participate in this crime only because he wished to serve as an agent for the buyer, a *783 complete stranger. Defendant had no prior contact with the officer, and when the officer approached and asked defendant if he had "any nickels", defendant instantly understood the inquiry and agreed to assist in the drug purchase. The location of the drug operation, known only to defendant and from which he completed the purchase, was secreted in a storefront only a few feet away. His behavior, both before and during the sale, was consistent with that of a "steerer" in a drug sales operation. The jury could not reasonably conclude from the evidence that defendant was acting solely as an extension of the buyer (see, People v Ortiz, 76 N.Y.2d 446, remittitur amended 77 N.Y.2d 821; People v Argibay, supra; compare, People v Roche, 45 N.Y.2d 78, cert denied 439 US 958).
The dissent disapproves of the Appellate Division's rationale but appears to believe the charge should be given whenever the evidence raises an inference that defendant may not have been an agent of the seller. That view misconstrues the issue. Before an agency charge is warranted, the evidence must be indicative of a relationship with the buyer not merely raise ambiguities about the defendant's connection to the seller.
In any event, defendant was convicted on an acting-in-concert theory. The jury was properly charged on that theory, and its finding of guilt necessarily precluded the possibility of agency.
CIPARICK, J. (dissenting).
I respectfully dissent and would affirm the order of the Appellate Division. In resolving whether a defendant is entitled to a jury charge on the defense of agency, the trial court must view the trial evidence in the light most favorable to the defendant and determine whether there exists "at least some evidence, however slight, to support the inference that the supposed agent was acting, in effect, as an extension of the buyer" (People v Argibay, 45 N.Y.2d 45, 55; see, People v Ortiz, 76 N.Y.2d 446, 448; People v Padgett, 60 N.Y.2d 142, 144).
This Court has previously recognized that "[t]here is no legal formula for determining the defendant's intent at the time of the drug transfer" (People v Lam Lek Chong, 45 N.Y.2d 64, 75). Whether a particular defendant has acted only as an agent for the buyer is generally a factual question for the jury (see, Ortiz, 76 NY2d, at 449, supra). The jury may consider such factors as the nature and extent, if any, of the relationship between defendant and buyer, whether defendant or buyer suggested the purchase, whether the defendant had *784 prior dealings with the buyer or with other buyers and sellers, and whether defendant profited, or expected to profit, from the transaction (Lam Lek Chong, 45 NY2d, at 75, supra). Where doubt exists, the jury, using its common sense and experience, can best determine the defendant's intent at the time of the transaction (id.).
Defendant was approached by an undercover police officer who asked him whether he had any "nickels". Thus, the purchase was at the officer's suggestion. Defendant answered in the affirmative and the undercover officer followed him to the front of a nearby bodega where the officer gave defendant $20 in prerecorded "buy money". This circumstance reflects no more than defendant's knowledge that drugs were being sold in the bodega. Defendant entered the bodega and exchanged the money for four vials of cocaine. Defendant returned, gave the vials to the officer, and left the vicinity. Defendant was not actively selling drugs or soliciting customers when he was approached by the undercover officer; nor did he request or receive anything from the buyer in return for effectuating the transaction. None of the prerecorded "buy money" was found in defendant's possession and on this record no basis exists for speculating whether defendant was otherwise remunerated (see, People v Roche, 45 N.Y.2d 78, 86). Standing alone, the fact that defendant was not "hawking" drugs should not raise an issue of fact for the jury; but considered in conjunction with the other facts and circumstances here, I believe there was an issue of fact on the question of agency. Any doubt whether defendant was a "steerer" in a drug sales operation or acting merely to accommodate the buyer should have been resolved by the trier of fact.
There existing at least some evidence to support the inference of agency, the jury should have been charged accordingly (see, Ortiz, 76 NY2d, at 448, supra; Argibay, 45 NY2d, at 55, supra; Lam Lek Chong, 45 NY2d, at 75, supra).
Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.
NOTES
[*] Though the Appellate Division order was characterized as a reversal on the law and facts, we construe it to be a determination solely on a question of law.