OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and the case remitted to it for consideration of the facts (CPL 470.25 [2] [d]; 470.40 [2] [b]) and for consideration of issues *782 raised but not considered on the appeal to that Court.*
An undercover police officer approached defendant, a stranger, on a Bronx street and asked whether defendant had drugs for sale. Defendant then led the officer to a nearby storefront, took money from him and went into the building, where he received four vials of cocaine from a codefendant. After giving the vials to the officer, defendant left the immediate vicinity. He was later arrested and tried on charges of criminal sale and criminal possession of a controlled substance (see, Penal Law § 220.39 [1]; § 220.16 [1]).
At the conclusion of the trial defendant requested the court to charge on agency. The court denied the request, concluding that the evidence failed to support an inference that defendant was working solely as an agent of the buyer (see, People v Argibay, 45 NY2d 45, 55, cert denied sub nom. Hahn-DiGuiseppe v New York, 439 US 930). The Appellate Division reversed. It held that there was an issue of fact concerning agency because defendant was not soliciting customers and neither requested nor received anything for his participation in the transaction.
We conclude that the evidence was insufficient as a matter of law to require the charge. The entitlement to an agency charge depends entirely on the relationship between the buyer and the defendant. Unless some reasonable view of the evidence supports the theory that defendant was acting only on behalf of the buyer, the jury need not be instructed on the agency defense (see, People v Lam Lek Chong, 45 NY2d 64, 73, cert denied 439 US 935; see also, People v Andujas, 79 NY2d 113). The factors relied upon by the Appellate Division do not raise an inference of agency. A defendant may be guilty as a seller even if he does not receive any consideration for the transfer of drugs to the buyer (Penal Law § 220.00 [1]) and, as the dissent recognizes, solicitation or the lack of it is not dispositive. Similarly, evidence that defendant was acting as a middleman is not sufficient to warrant such a charge (People v Argibay, supra, at 53).
There was no reasonable view of the evidence presented at this trial that defendant agreed to participate in this crime only because he wished to serve as an agent for the buyer, a *783 complete stranger. Defendant had no prior contact with the officer, and when the officer approached and asked defendant if he had "any nickels”, defendant instantly understood the inquiry and agreed to assist in the drug purchase. The location of the drug operation, known only to defendant and from which he completed the purchase, was secreted in a storefront only a few feet away. His behavior, both before and during the sale, was consistent with that of a "steerer” in a drug sales operation. The jury could not reasonably conclude from the evidence that defendant was acting solely as an extension of the buyer (see, People v Ortiz, 76 NY2d 446, remittitur amended 77 NY2d 821; People v Argibay, supra; compare, People v Roche, 45 NY2d 78, cert denied 439 US 958).
The dissent disapproves of the Appellate Division’s rationale but appears to believe the charge should be given whenever the evidence raises an inference that defendant may not have been an agent of the seller. That view misconstrues the issue. Before an agency charge is warranted, the evidence must be indicative of a relationship with the buyer not merely raise ambiguities about the defendant’s connection to the seller.
In any event, defendant was convicted on an acting-in-concert theory. The jury was properly charged on that theory, and its finding of guilt necessarily precluded the possibility of agency.

 Though the Appellate Division order was characterized as a reversal on the law and facts, we construe it to be a determination solely on a question of law.