Ciparick, J.
(dissenting). I respectfully dissent and would affirm the order of the Appellate Division. In resolving whether a defendant is entitled to a jury charge on the defense of agency, the trial court must view the trial evidence in the light most favorable to the defendant and determine whether there exists "at least some evidence, however slight, to support the inference that the supposed agent was acting, in effect, as an extension of the buyer” (People v Argibay, 45 NY2d 45, 55; see, People v Ortiz, 76 NY2d 446, 448; People v Padgett, 60 NY2d 142, 144).
This Court has previously recognized that "[t]here is no legal formula for determining the defendant’s intent at the time of the drug transfer” (People v Lam Lek Chong, 45 NY2d 64, 75). Whether a particular defendant has acted only as an agent for the buyer is generally a factual question for the jury (see, Ortiz, 76 NY2d, at 449, supra). The jury may consider such factors as the nature and extent, if any, of the relationship between defendant and buyer, whether defendant or buyer suggested the purchase, whether the defendant had *784 prior dealings with the buyer or with other buyers and sellers, and whether defendant profited, or expected to profit, from the transaction (Lam Lek Chong, 45 NY2d, at 75, supra). Where doubt exists, the jury, using its common sense and experience, can best determine the defendant’s intent at the time of the transaction (id.).
Defendant was approached by an undercover police officer who asked him whether he had any "nickels”. Thus, the purchase was at the officer’s suggestion. Defendant answered in the affirmative and the undercover officer followed him to the front of a nearby bodega where the officer gave defendant $20 in prerecorded "buy money”. This circumstance reflects no more than defendant’s knowledge that drugs were being sold in the bodega. Defendant entered the bodega and exchanged the money for four vials of cocaine. Defendant returned, gave the vials to the officer, and left the vicinity. Defendant was not actively selling drugs or soliciting customers when he was approached by the undercover officer; nor did he request or receive anything from the buyer in return for effectuating the transaction. None of the prerecorded "buy money” was found in defendant’s possession and on this record no basis exists for speculating whether defendant was otherwise remunerated (see, People v Roche, 45 NY2d 78, 86). Standing alone, the fact that defendant was not "hawking” drugs should not raise an issue of fact for the jury; but considered in conjunction with the other facts and circumstances here, I believe there was an issue of fact on the question of agency. Any doubt whether defendant was a "steerer” in a drug sales operation or acting merely to accommodate the buyer should have been resolved by the trier of fact.
There existing at least some evidence to support the inference of agency, the jury should have been charged accordingly (see, Ortiz, 76 NY2d, at 448, supra; Argibay, 45 NY2d, at 55, supra; Lam Lek Chong, 45 NY2d, at 75, supra).
Judges Simons, Bellacosa, Smith and Levine concur; Judge Ciparick dissents and votes to affirm in an opinion in which Chief Judge Kaye concurs; Judge Titone taking no part.
Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.