■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT O. TINNER Appellant. [618 NYS2d 110] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered August 15, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested during a so-called "buy and bust" operation in which he and a codefendant sold cocaine to an undercover police officer. Contrary to the defendant's contention, the Supreme Court properly permitted the undercover officer to testify as to the description which she radioed to her back-up team. It is well settled that hearsay may be admitted if it is not offered for the truth of the facts asserted in the statement (see, People v Huertas, 75 NY2d 487, 492). Here, the undercover officer's testimony was not offered for the truth of the description but was probative of her opportunity to observe the defendant during the commission of the crime (see, People v Huertas, supra).

The defendant's request for a charge on the agency defense was properly denied. The jury need not be instructed on this defense unless some reasonable view of the evidence supports the theory that the defendant was acting solely on behalf of the buyer (see, People v Herring, 83 NY2d 780, 782). The evidence established that the defendant exhibited salesman-like behavior, that he had a relationship with the codefendant, and that he was a complete stranger to the undercover officer. Consequently, the jury could not reasonably conclude that the defendant acted solely as an extension of the buyer. In any event, the defendant was convicted on an acting-in-concert theory, the jury was properly charged on that theory, and its finding of guilt necessarily precluded the possibility of agency (see, People v Herring, supra, 83 NY2d, at 783).

During its deliberations, the jury sent two written notes to the court in which it asked for the exhibits, readbacks of certain testimony and an instruction on the law. The trial transcript indicates that court failed to follow the procedure suggested in People v O'Rama (78 NY2d 270), in that it did not afford defense counsel an opportunity to be heard on the record before the jury was called into the courtroom and a response given. However, the contents of the notes were disclosed to defense counsel in the presence of the jury, and the defendant's attorney did not object to the procedure or to the substance of the court's response to the notes. Under the facts of this case, we conclude that no possible prejudice to the defendant was shown (see, e.g., People v Beckham, 174 AD2d 748).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions, including those

raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Lawrence, J. P., O'Brien, Joy and Altman, JJ., concur.