■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CASTRO, Appellant. [621 NYS2d 921] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered August 5, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a

reasonable doubt *(see, People v Herring,* 83 NY2d 780; *People v Ortiz,* 76 NY2d 446; *People v Wylie,* 180 AD2d 774; *People v Harvey,* 175 AD2d 138). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

The defendant has not preserved for appellate review his claim that the Supreme Court erred by not charging the jury on the issues of the agency defense and circumstantial evidence *(see,* CPL 470.05 [2]; *People v Weaver,* 200 AD2d 696; *People v Alexander,* 172 AD2d 385; *People v Hall,* 181 AD2d 791). In any event, there is no reasonable view of the evidence that would warrant having charged the jury on the agency defense *(see, People v Herring, supra; People v Ortiz, supra).* In addition, a circumstantial evidence charge is required only when the evidence of guilt is exclusively circumstantial, which is not the case here *(see, People v Ford,* 66 NY2d 428; *People v Pilgrim,* 208 AD2d 868).

In view of the foregoing, there is no merit to the defendant's contention that he was denied the effective assistance of counsel due to the trial counsel's failure to request charges on the agency defense and circumstantial evidence. Bracken, J. P., Rosenblatt, O'Brien and Altman, JJ., concur.