■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL FUENTES FLORES, Appellant. [627 NYS2d 413] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered March 28, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not entitled to a jury charge on the question of agency. No reasonable view of the evidence would lead to the conclusion that the defendant was acting solely as an agent of the buyer. Rather, the evidence demonstrates that the defendant was a middleman or "steerer" of the supplier *(People v Herring,* 83 NY2d 780, 782).

The defendant's remaining contentions were either not preserved for appellate review or do not warrant reversal. Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH W. GORDON, Appellant. [627 NYS2d 974] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered March 25, 1994, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.