■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKE WHEELER, Appellant. [632 NYS2d 133] —Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered April 21, 1994, convicting defendant after jury trial of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to $4^{1}/_{2}$ to 9 years imprisonment, unanimously reversed, on the law, and the matter is remanded for new trial.

The statutory definition of sale of a controlled substance includes the "sell[ing], exchang[ing], *giv[ing] or* dispos[ing] of [it] to another" (Penal Law § 220.00 [1]; emphasis added). Clearly, the Legislature did not intend to include "buyer" in the definition of "seller" (*see, People v Andujas*, 79 NY2d 113, 117; *People v Lam Lek Chong*, 45 NY2d 64, 72-73, *cert denied* 439 US 935). The evidence in this case warranted a clarifying charge to the jury that criminal sale did not include merely handling the substance as a prospective purchaser and then returning it to the actual seller. The trial court stated that it would only consider giving such a supplemental instruction if the jury came back with a question on the definition of "sale". When the jury did later request clarification on "The three points of law", the court took this to mean the elements of the crime (sale of a specified controlled substance, made knowingly and unlawfully [Penal Law § 220.39]). At this point counsel sought the earlier requested charge, but the Trial Judge again refused, inferring that "Clearly they are not asking what a

sale is." The court then gave a supplemental instruction which included a repetition of the misleading statutory definition in section 220.00 (1). This was error. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.