■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENNIFER BARBARA, Appellant. [669 NYS2d 937] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered April 15, 1997, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's claim that the prosecutor improperly used peremptory challenges to exclude black jurors is not preserved for appellate review. It is incumbent upon the party asserting a claim under *Batson v Kentucky* (476 US 79) to articulate and develop all of the grounds supporting the claim, both factual and legal, during the voir dire when the objection is raised and discussed (*see, People v Childress*, 81 NY2d 263, 268). Here, none of the *Batson* arguments raised on the defendant's CPL 330.30 motion were raised during voir dire.

Since the defendant did not request a charge on the agency defense, nor did she object to its omission, the issue is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the defendant was not entitled to the charge because no reasonable view of the evidence supports the theory that she was acting only on behalf of the buyer (*see, People v Herring*, 83 NY2d 780, 782).

The defendant's remaining contentions are similarly unpreserved for appellate review, and, in any event, without merit. Rosenblatt, J. P., Sullivan, Santucci and Goldstein, JJ., concur.