■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GAINES, Appellant. [670 NYS2d 897] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered October 9, 1996, convicting him of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the trial court's denial of his request for an agency charge constituted reversible error. Before an agency charge is warranted, the evidence must be indicative of a relationship between the buyer and the defendant. It is not enough if the evidence merely raises ambiguities about the defendant's connection to the seller (*People v Herring*, 83 NY2d 780, 783). Thus, the entitlement to an agency charge depends entirely on the relationship between the buyer and the defendant, and unless some reasonable view of the evidence supports the theory that the defendant was acting solely on behalf of the buyer, the jury need not be instructed on the agency defense (*People v Herring*, 83 NY2d 780, 782, *supra; see also, People v Andujas*, 79 NY2d 113; *People v Lam Lek Chong*, 45 NY2d 64, *cert denied* 439 US 935). Evidence that the defendant was acting as a middleman is not sufficient to warrant the charge (*see, People v Argibay*, 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York*, 439 US 930).

There was no reasonable view of the evidence to support the theory that the defendant participated in the drug sale solely on behalf of the undercover officer, who was a complete stranger to the defendant. In any event, the defendant was convicted on an acting-in-concert theory, the jury was properly charged on that theory, and its finding of guilt necessarily precluded the possibility of agency (*see, People v Herring, supra; People v Tinner*, 209 AD2d 457).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.