■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVIS JOHNSON, Appellant. [671 NYS2d 139] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered October 24, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested during a so-called "buy and bust" operation in which he and a codefendant sold crack cocaine to an undercover police officer. Contrary to the defendant's contention, the defendant's request for a charge on the agency defense was properly denied. The defendant's own testimony clearly indicated that he had a direct interest in the outcome and the contraband being sold. Based on the defendant's testimony, no reasonable view of the evidence supports the conclusion that the defendant was acting as an agent of the codefendant and thus no agency charge was warranted (*see, People v Herring,* 83 NY2d 780). In any event, the defendant was convicted based on the theory that he was acting-in-concert with his codefendant and the jury was properly charged on that theory, accordingly, its finding of guilt necessarily precluded the defense of agency (*see, People v Herring, supra; People v Tinner,* 209 AD2d 457).

The Supreme Court did not improvidently exercise its discretion by allowing the prosecutor to cross-examine the defendant with respect to various prior convictions and their underlying facts (*see, People v Sandoval, supra; People v Pavao,* 59 NY2d 282). The defendant's two prior convictions demonstrated his willingness to place his interests above those of society and were especially probative of his credibility because their underlying facts involved the defendant's use of an alias, a fact surely indicative of untruthfulness (*see, People v Sandoval,* 34 NY2d 371; *People v Walker,* 83 NY2d 455). The mere fact that the prior convictions were similar in nature to the instant offense does not warrant their preclusion (*see, People v Pavao,* 59 NY2d 282, 292; *People v Rahman,* 46 NY2d 882; *People v Allen,* 215 AD2d 674; *People v Carter,* 212 AD2d 722).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon

the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Altman, J. P., Krausman, Florio and Luciano, JJ., concur.