■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND WILLIAMS, Appellant. [733 NYS2d 428] —Judgment, Supreme Court, New York County (Renee White, J.), rendered June 20, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously affirmed.

The court properly declined to instruct the jury on the agency defense. Taking the entire course of conduct between defendant and the undercover officers as a whole, there was no reasonable view of the evidence supporting such a defense, even when the evidence is viewed most favorably to defendant (*see, People v Herring*, 83 NY2d 780). Defendant approached the officers and offered to sell them liquid PCP. When one of the officers objected to the high price quoted by defendant for that drug and requested to buy a bag of crack cocaine instead, defendant immediately agreed, and obtained such a bag from a Mr. Lamb after the two entered a building across the street and then took the officer's money in exchange for the bag of cocaine. Thus, defendant both initiated the transaction and exhibited salesman-like behavior. Moreover, defendant's commercial motivation was further established by the recovery from his person of 40% of the prerecorded buy money, an amount that cannot be characterized as a tip or incidental benefit (*see, People v Lam Lek Chong*, 45 NY2d 64, 74-75, *cert denied* 439 US 935).

We perceive no basis for reduction of sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, P. J., Nardelli, Andrias, Rubin and Saxe, JJ.