■ NATASHA AUSTIN et al., Appellants, v DAIMLERCHRYSLER CORPORATION, et al., Respondents. [741 NYS2d 685] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered April 6, 2001, which, in an action for personal injuries arising out of a car accident in Suffolk County, granted defendant-respondent car manufacturer's motion to change venue from New York County to Suffolk County, unanimously affirmed, without costs.

The venue of this action should be changed to Suffolk County, where the liability witnesses either work or live, many of whom, namely, police, fire and ambulance personnel who responded to the accident, have submitted affidavits stating that they would be inconvenienced by having to testify in New York County (see, Lloyd v National Propane Corp., 271 AD2d 202; Carroll v American Honda Motor Co., 196 AD2d 757). No basis exists for rejecting defendant's assertion that these witnesses will provide details concerning the accident scene necessary to lay a foundation for the testimony of its accident reconstruction and product liability experts. That several eyewitnesses have submitted affidavits stating that they would not be inconvenienced by a trial in New York County does not warrant denial of the motion. Other things being equal, a transitory action should be tried where the cause of action arose (see, Risoli v Long Is. Light. Co., 138 AD2d 316, 318). Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS WILLIAMS, Appellant. [741 NYS2d 686] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered December 7, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's request for an agency charge was properly denied since it was not supported by any reasonable view of the evidence, viewed most favorably to defendant. In this observation sale case involving several participants, defendant had no direct contact with the buyer and there is no basis for an inference that he was acting only on the buyer's behalf (see, People v Herring, 83 NY2d 780). Concur—Nardelli, J.P., Saxe, Buckley, Sullivan and Gonzalez, JJ.