■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMARIANO FAGAIRO, Appellant. [754 NYS2d 548] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered January 12, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts), criminal sale of a controlled substance in or near school grounds (two counts), and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years on each conviction, and order, same court and Justice, entered on or about March 15, 2001, which denied defendant's motion made pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues concerning identification and credibility were properly considered by the jury and there is no basis for disturbing its determinations.

The court properly refused to deliver an agency charge, since there was no reasonable view of the evidence, viewed most favorably to defendant, to support such a charge (see People v Herring, 83 NY2d 780; People v Lam Lek Chong, 45 NY2d 64, 74-75, cert denied 439 US 935). Defendant's testimony, even if credited, would not support an agency defense.

The court also properly declined to submit criminal possession of a controlled substance in the seventh degree as a lesser included offense since no reasonable view of the evidence would support a finding of possession without intent to sell (People v Rizzo, 279 AD2d 314, lv denied 96 NY2d 805). Defendant's own testimony, even if credited, established possession with intent to sell.

The record establishes that defendant received meaningful representation (see People v Benevento, 91 NY2d 708, 713-714). Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Ellerin and Gonzalez, JJ.