■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE HARRIS, Also Known as VINCENT CARR, Appellant. [780 NYS2d 145]—

Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered December 12, 2001, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/_2$ to 9 years, unanimously affirmed.

Defendant contends that the court committed reversible error by failing to deliver an agency charge. We conclude that, to the contrary, the record affords no basis for such an instruction.

In the early morning of February 16, 2001, Police Officer Joseph Barosa, a member of the street narcotics enforcement unit, watched from an observation post as two white males approached defendant, who was standing on the corner of West 47th Street and Eighth Avenue. After a brief conversation, the three men walked a short distance to the front of 310 West 47th Street where, the officer stated, "The lighting is good." Defendant opened his hand and displayed what appeared to be glassine bags, but the men shook their heads no and walked away. Defendant returned to the same corner where, approximately 15 minutes later, Ronald Paine approached him. After a brief conversation, Paine handed defendant what appeared to be money, and defendant handed Paine a small object. Paine walked down the street and smoked what the officer thought to be crack cocaine.

By radio, Officer Barosa informed his field team of the drug sale, giving descriptions of defendant and Paine and their locations. The officer watched Officers Hawthorne and Thornton stop defendant. Paine was also apprehended. Seventeen light green bags of crack cocaine and $56 in currency, $24 of which consisted of one dollar bills, were recovered from defendant's person by Officer Hawthorne. Eight crack pipes with crack residue, as well as seven vials and 10 glassine bags of crack cocaine were found on Ronald Paine. Six of the glassine bags were the same color and size as those found in defendant's possession.

An agency defense is predicated on the principle that the alleged seller was actually acting as a purchaser on behalf of another. "The determination as to whether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case" (*People v Lam Lek Chong*, 45

NY2d 64, 74-75 [1978], *cert denied* 439 US 935 [1978]). However, as stated in *People v Herring* (83 NY2d 780, 782 [1994]), "The entitlement to an agency charge depends entirely on the relationship between the buyer and the defendant. Unless some reasonable view of the evidence supports the theory that defendant was acting only on behalf of the buyer, the jury need not be instructed on the agency defense."

Defendant offered no evidence to rebut the testimony of Officer Barosa, which the court fully credited. Defendant's testimony before the grand jury was read as part of the People's case. Defendant testified that, on the night of his arrest, he had purchased 20 bags of crack cocaine for a prostitute acquaintance who was preoccupied with a customer. Defendant stated that he bought the 20 bags of drugs from a man other than Paine and that he later used three bags himself. He was detained by the police approximately 1½ to 2 hours later.

There is no reasonable view of the evidence that supports the inference of agency. As Supreme Court noted, "here we have no evidence of a purchase or delivery." The unrebutted testimony of Officer Barosa is that defendant was seen, on the corner of the street, offering glassine envelopes to two men, who shook their heads and walked away. Some 15 minutes later, defendant was observed, on the same street corner, exchanging a small object with Ronald Paine, who then entered a nearby vestibule and smoked what the officer thought to be crack cocaine. It is clear that defendant was the party being approached. Moreover, defendant concedes that he did not purchase any drugs from Ronald Paine, identifying the source of his 20-bag purchase only as an unnamed "street runner." Since defendant conceded that the exchange with Paine was not a purchase, Supreme Court was correct in construing the evidence against defendant as indicative of a sale based on the testimony given by Officer Barosa. Therefore, defendant's request for an agency charge was properly denied upon the record before the court. Moreover, defendant's testimony as to where he might have obtained the drugs approximately two hours earlier does not raise a factual issue as to the subsequent attempted sales observed by Officer Barosa so as to support an agency charge.

Defendant's unexplained activity on the street corner, as described by Officer Barosa, is clearly consistent with possession with intent to sell (*see Herring*, 83 NY2d at 783; *People v Ortiz*, 76 NY2d 446, 447-448, 450 [1990]). Furthermore, the amount of the asserted purchase on behalf of defendant's purported acquaintance (20 bags) is inconsistent with a casual transaction undertaken merely as an accommodation to another

drug user (*People v Argibay*, 45 NY2d 45, 53-55 [1978], *cert denied sub nom. Hahn-Diguiseppe v New York*, 439 US 930 [1978]; *cf. Lam Lek Chong*, 45 NY2d at 72).

Defendant's additional contention that the court erred in submitting the lesser included offense of criminal possession of a controlled substance in the seventh degree to the jury after summations is unpreserved, and we decline to reach it in the interest of justice. Were we to entertain the issue, we would conclude that, under the circumstances, any error in failing to apprise counsel of the charge pursuant to CPL 300.10 (4) was harmless (*People v Miller*, 70 NY2d 903, 907 [1987]). Concur— Nardelli, J.P., Tom, Ellerin, Williams and Lerner, JJ.