— Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered April 11, 2012, as amended April 19, 2012, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to concurrent terms of six years, unanimously affirmed.
When viewed as a whole (see People v Ladd, 89 NY2d 893, 895 [1996]), the court’s main charge and its responses to a series of notes from the deliberating jury correctly instructed the jury on the agency defense. Defendant’s main argument is that one of the court’s supplemental instructions tended to direct a verdict. However, this instruction essentially stated the principle that the agency defense is limited to “one who acts solely as an agent for a buyer” (People v Ortiz, 76 NY2d 446, 449 [1990] [emphasis added]), and it did not contradict the principles, thoroughly explained to the jury both before and after the instruction at issue, that “whether a particular defendant has acted only as an agent for the buyer is a factual question for the jury, which may consider [various] factors” (id.), and that “the receipt of an incidental benefit does not in itself negate an agency defense” (People v Echevarria, 21 NY3d 1, 21 [Apr. 30, 2013]). We have considered and rejected defendant’s remaining arguments. Concur — Andrias, J.P., Friedman, Moskowitz, DeGrasse and Feinman, JJ.