People v Soto-Becerril (2021 NY Slip Op 05296)





People v Soto-Becerril


2021 NY Slip Op 05296


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ. 


Ind No. 3013N/16 Appeal No. 14258 Case No. 2018-1947 

[*1]The People of the State of New York, Respondent,
v
Artemio Soto-Becerril, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (David Crow of counsel), and Krieger Kim & Lewin LLP, New York (Henry L. Ross of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Molly Morgan of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered August 18, 2017, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of seven years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of six years, and otherwise affirmed.
The trial court properly denied defendant's request for an agency charge, because there was no reasonable view of the evidence, viewed most favorably to defendant, to support such a charge (see People v Lam Lek Chong , 45 NY2d 64, 74-76 [1978], cert denied 439 US 935 [1978]). Entitlement to an agency charge depends on the relationship between the buyer and defendant. There must be a reasonable view of the evidence that defendant was acting only on behalf of the buyer (see People v Lam Lek Chong , 45 NY2d at 73; People v Andujas , 79 NY2d 113 [1992]). "The defense of agency is not intended to protect a person who arranges a drug transaction for the purpose of earning the equivalent of a finder's fee or broker's commission, in contrast to a person who performs a 'favor,' possibly rewarded by a tip or incidental benefit" (People v Elvy , 277 AD2d 80, 80 [1st Dept 2001], lv denied 96 NY2d 783 [2001]). Here, the evidence at trial showed that defendant, who had no relationship with the undercover officer, was the one who initiated the sale, negotiated a price of $40 for two glassines of heroin and, upon arrest, had $20 of pre-recorded buy money on his person. The evidence at trial leads to the conclusion that defendant was not merely accommodating the buyer, but was acting either as a principal seller, or a broker for his supplier.
Defendant's constitutional due process claim is unpreserved (see People v Angelo , 88 NY2d 217, 222 [1996]), and we decline to review in the interest of justice. As an alternative holding, we reject it on the merits.
We find the sentence excessive to the extent indicated. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021